**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Daniel Wayne COOK, *et al.*, ) | |
| ) | **Civil Action No. 1:11-cv-00289 (RJL)** |
| Plaintiffs, ) | |
| ) | **ECF Case** |
| v. ) | |
| ) | |
| FOOD AND DRUG ADMINISTRATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**UNOPPOSED MOTION TO DISMISS COUNT II, ENTER FINAL JUDGMENT, AND
MAKE CERTAIN MODIFICATIONS TO THE COURT'S INJUNCTION**

Pursuant to Federal Rules of Civil Procedure 41(a)(2), 54(b), and 62(c), Plaintiffs

respectfully move the Court to (a) dismiss without prejudice Count II of their First Amended

Complaint (Dkt. No. 20); (b) enter a final judgment disposing of this action; and (c) make certain

modifications to the permanent injunction entered against Defendant Food and Drug

Administration ("FDA") on March 27, 2012 (Dkt. No. 24).  Plaintiffs state as follows in support

of their motion:

**BACKGROUND**

1.      On February 2, 2011, Plaintiffs filed their original Complaint, which stated three

Counts under the Administrative Procedure Act.  (Dkt. No. 1.)  On March 21, 2011, pursuant to

an agreed briefing schedule, Plaintiffs sought summary judgment only as to Counts I and III.

(Dkt. No. 12.)  On April 20, 2011, FDA cross-moved for summary judgment.  (Dkt. No. 13.)

Briefing was completed on July 8, 2011, and oral argument was held on February 9, 2012.

2.      While briefing was in progress, the Court granted Plaintiffs leave to amend their Complaint.  (*See* Dkt. No. 19.)  Plaintiffs' First Amended Complaint ("FAC") differed from the original Complaint only insofar as the FAC removed certain plaintiffs and added certain others.

3.      On March 27, 2012, the Court granted Plaintiffs' motion for summary judgment, denied FDA's cross-motion, entered a Declaratory Judgment on the merits as to Counts I and III of the FAC, and entered a permanent injunction against FDA.  (*See* Dkt. No. 24.)

4.      Also on March 27, 2012, the Court directed the parties "to meet and confer to determine whether further litigation is necessary, or proper, with respect to the remaining count in this Complaint."  The parties conferred telephonically on April 5, 2012, on April 10, 2012, and on May 17, 2012.

5.      Before the parties resolved the issue on which the Court directed the parties to meet and confer, FDA noticed an appeal from the Court's Order of March 27, 2012.  (*See* Dkt. No. 25.)

6.      In order to permit a single, orderly appeal, and in the interest of judicial economy, Plaintiffs wish to dismiss the remaining count of the FAC so that the Court may enter final judgment.  In addition, Plaintiffs seek minor modifications to the existing injunction in order to modestly limit the scope of the injunction to better effectuate the Court's intent.

7.      Pursuant to Local Rule 7(m), the undersigned counsel state that they conferred electronically with counsel for the Defendants regarding this Motion beginning on June 5, 2012. Counsel for Defendants informed the undersigned counsel that Defendants do not oppose the relief requested herein.

8.      A Proposed Order and Certificate of Service are enclosed.

## I.   COUNT II SHOULD BE DISMISSED WITHOUT PREJUDICE AND FINAL JUDGMENT SHOULD BE ENTERED.

9.     Plaintiffs believe that the Court's disposition of Counts I and III provide them with effective relief.  Accordingly, to avoid piecemeal review of this case, Plaintiffs seek leave of Court to voluntarily dismiss Count II of the FAC.  Leave must be sought because Defendant FDA moved for summary judgment.  *See* Fed. R. Civ. P. 41(a)(2).  Such leave should be freely granted.  *See New Mexico ex rel. Energy & Minerals Dep't, Mining & Minerals Div. v. U.S. Dep't of Interior*, 820 F.2d 441, 443 (D.C. Cir. 1987) ("a dismissal should be granted unless the defendant will suffer some legal harm'" (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976))).  When a dismissal is entered "at the request of the plaintiff, the dismissal is presumed to be without prejudice."  *Turner v. NTSB*, 608 F.3d 12, 15 (D.C. Cir. 2010).

10.     This Court retains jurisdiction to dismiss Count II and enter final judgment notwithstanding the pendency of the appeal concerning Counts I and III.  *See, e.g.*, *Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 869 F. Supp. 35, 38 (D.D.C. 1994) ("the district court retains jurisdiction to act with respect to matters not related to the issues involved in the appeal"); *see also Wis. Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006) ("an appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision").

## II.   THE PERMANENT INJUNCTION ENTERED AGAINST FDA SHOULD BE SLIGHTLY MODIFIED.

11.     In addition, Plaintiffs seek minor modifications to the Court's permanent injunction that will have the effect of limiting the injunction's scope slightly in order not to affect thiopental that might be lawfully imported into the United States, as follows:

| Existing injunction (in relevant part) | Proposed injunction (with modifications indicated) |
|---|---|
| **IT IS HEREBY ORDERED** that the FDA: . . . 2.  be permanently enjoined from permitting the entry of, or releasing any future shipments of, foreign manufactured thiopental into interstate commerce . . . | **IT IS HEREBY ORDERED** that the FDA: 2.  be permanently enjoined from permitting the entry of, or releasing any future shipments of, foreign manufactured thiopental ~~into interstate commerce~~ that appears to be misbranded or in violation of 21 U.S.C. § 355 . . . |

12.     These modifications are intended to track the language of the relevant prohibitions of the Federal Food Drug & Cosmetic Act ("FDCA").  Plaintiffs submit that these changes will better effectuate the Court's intent by ensuring that the injunction cannot be read in the future to prohibit importation of foreign thiopental that would otherwise be lawful pursuant to the terms of the FDCA, such as if FDA were to approve, or grant investigational new drug status to, a foreign manufacturer's thiopental product.

13.     This Court retains jurisdiction to modify the injunction in this fashion.  *See* Fed. R. Civ. P. 62(c) ("While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction . . . ."); *see, e.g.*, *DL v. District of Columbia*, No. 05-1437, 2012 U.S. Dist. LEXIS 57509, at *9 (D.D.C. Apr. 25, 2012); *Cobell v. Norton*, 310 F. Supp. 2d 77, 83 n.10 (D.D.C. 2004); *Securities Industry Ass'n. v. Bd. of Governors of Fed. Reserve Sys.*, 628 F. Supp. 1438, 1440 n.1 (D.D.C. 1986); *Hammon v. Barry*, No. 84-0903, 1985 U.S. Dist. LEXIS 23879, at*6 (D.D.C. Apr. 26, 1985); *see also, e.g.*, *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 578-79 (5th Cir. 1996) (district court properly modified an injunction pending appeal to reflect regulatory requirements); *Meinhold v. United States DOD*, 34 F.3d 1469, 1480 n.14

(9th Cir. 1994) (district court had jurisdiction to amend injunction entered against the government while the government's appeal was pending "to clarify its original injunction and to supervise compliance").

    **WHEREFORE**, Plaintiffs respectfully request that this Court grant their Unopposed Motion to Dismiss Count II, Enter Final Judgment, and Make Certain Modifications to the Court's Injunction.

                                                   Respectfully submitted,


                                          _____/s/ Sean C. Griffin_____
*Of Counsel*                               Bradford A. Berenson (DC Bar No. 441981)
Jon M. Sands                               Coleen Klasmeier (DC Bar No. 465050)
Dale A. Baich                              Eric A. Shumsky (DC Bar No. 477926)
 OFFICE OF THE FEDERAL PUBLIC DEFENDER     Sean C. Griffin (DC Bar No. 499537)
  FOR THE DISTRICT OF ARIZONA               SIDLEY AUSTIN LLP
 850 West Adams Street, Suite 201           1501 K Street, N.W.
 Phoenix, Arizona 85007                     Washington, DC  20005
 (602) 382-2816                             (202) 736-8000
 (602) 889-3960 (fax)                       (202) 736-8711 (fax)
 dale_baich@fd.org                          sgriffin@sidley.com

                                           *Attorneys for Plaintiffs*

DATED: June 15, 2012

**CERTIFICATE OF SERVICE**

I, Sean C. Griffin, certify that on this 15th day of June, 2012, I caused a true and correct copy of Plaintiffs' Unopposed Motion to Dismiss Count II, Enter Final Judgment, and Make Certain Modifications to the Court's Injunction to be served on all counsel of record in this litigation by causing the same to be filed through the Court's CM/ECF system.

                                                  _____/s/ Sean C. Griffin_____
                                                  *Attorney for Plaintiffs*